IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG


KIMBERLY CRAWFORD, as
Administratrix for the
Estate of Arvel Crawford,

       Plaintiff,

v.                           Civil Action No. 1:17-CV-224
                               (Judge Kleeh)

UNITED STATES OF AMERICA,

       Defendant.


MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

Pending before the Court is the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 8]. It is now ripe for consideration. For the reasons discussed below, the Court **GRANTS** the motion.

## I.   BACKGROUND

**A.   Procedural History**

The Plaintiff, Kimberly Crawford ("Plaintiff"), filed a complaint against the United States of America (the "Government") on November 22, 2017, as Administratrix for the Estate of her son, Arvel Crawford. ECF No. 1. She alleges one count of negligence under the Federal Tort Claims Act ("FTCA") based on her belief that the Government failed to operate USP-Hazelton ("Hazelton") in

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

a reasonably safe manner, leading to her incarcerated son's death.
Id.

On February 13, 2018, United States District Judge Irene M.
Keeley issued a First Order and Notice Regarding Discovery and
Scheduling. ECF No. 6. On March 14, 2018, the Government filed its
Motion to Dismiss. ECF No. 8. Judge Keeley then stayed all
deadlines pending resolution of the motion. ECF No. 13. On October
31, 2018, Plaintiff moved for leave to file a supplemental response
to the Government's motion to dismiss, averring that James "Whitey"
Bulger's murder at Hazelton indicates the serious problems at the
prison and warrants the filing of a supplemental response. ECF No.
15. On December 1, 2018, the case was transferred to United States
District Judge Thomas S. Kleeh. ECF No. 16.

**B.   Factual Background**

Hazelton is a federal prison located in Preston County, West
Virginia. ECF No. 1 at ¶ 1. Arvel Crawford was incarcerated at
Hazelton from 2014 until his death on March 6, 2015. Id. ¶ 6. On
that date, another inmate, the identity of whom is unknown to
Plaintiff, used a shiv to slice Mr. Crawford's throat and kill
him. Id. ¶¶ 8, 11. Plaintiff alleges that the Government owed a
duty of care to all inmates and that the duty included ensuring
that contraband, such as a shiv, was not created or carried on the

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

grounds by inmates. Id. ¶ 21. As such, the Government breached its duty when it allowed another inmate to create and/or possess a shiv, which was then used to kill Mr. Crawford. Id. ¶ 22. Plaintiff's counsel made repeated requests to the Government in an effort to learn the factual details surrounding Mr. Crawford's death, but the Government has not provided them with any information. Id. ¶¶ 9-10. Before bringing this suit, Plaintiff filed an administrative claim against the Government, which was denied. Id. ¶¶ 14, 17.

## C.    Briefing by the Parties

### 1.    The Government's Motion [ECF Nos. 8, 9]

The Government moved to dismiss the action based on lack of subject matter jurisdiction. Generally, federal courts cannot hear suits against the federal government unless the government expressly consents by waiving sovereign immunity. ECF No. 9 at 4. The FTCA is a narrow exception to this general rule. Id. at 5. The Government believes the "discretionary function exception" to the FTCA applies here. Id. at 6. This exception provides immunity from liability for its agents' and employees' performance of duties involving discretionary decisions. Id.

The Government cites cases in which this Court, the United States Supreme Court, and the Fourth Circuit Court of Appeals have

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

found that negligence lawsuits involving prisoner-on-prisoner violence have fallen into the discretionary function exception. Id. at 7–11. This is because there is no explicit directive as to how the Bureau of Prisons ("BOP") should fulfill its obligation to protect inmates. Id. at 8. The Government attached an affidavit from Eric Howell ("Howell"), the Deputy Captain at Hazelton, in which Howell states that he is "familiar with the regulations, policies, procedures, and general practices used by the BOP to limit, detect, and control contraband weapons" and that "[t]here is no specific statute, regulation, or policy that dictates how BOP employees" are to do so. ECF No. 9-1 at ¶¶ 5, 8. Specifically, he writes, "there is no statute, regulation, or policy that mandates when or how BOP employees will physically search inmates in the common area of a housing unit to detect contraband weapons." Id. ¶ 6. He also states that Mr. Crawford was not separated from his attacker because there was no record of his requesting protective custody or being involved in another altercation. Id. ¶ 12. Attached to Howell's affidavit are Mr. Crawford's inmate records, including an incident report sheet from the altercation that led to his death. Id. at 5–16.

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

### 2.    Plaintiff's Response [ECF No. 11]

Plaintiff argues that she is entitled to discovery relating to policies and procedures regarding weapons, inmate patdowns, and body searches at Hazelton — and to see whether they were followed. ECF No. 11 at 7. Plaintiff cites a Fourth Circuit case, Rich v. United States, 811 F.3d 140 (4th Cir. 2015), in which the court found that discovery was necessary to determine whether adequate patdowns or searches occurred before an inmate was attacked in the Special Housing Unit recreation cages at Hazelton. ECF No. 11 at 4-6. Furthermore, Plaintiff argues that under Rich, even if the facts show that the manner of conducting patdowns or searching for contraband weapons is discretionary, subject matter jurisdiction may exist if the conduct is marked by individual carelessness or laziness. Id. Plaintiff's response also provides a timeline detailing her numerous failed attempts to gain information from the BOP about what happened to Mr. Crawford. Id. at 2-4. She then "had no choice" but to file the lawsuit without any factual information before the statute of limitations ran out. Id. at 4.

### 3.    The Government's Reply [ECF No. 14]

The Government argues that Plaintiff is not entitled to leverage discovery as a "fishing expedition in the hopes of discovering some basis of jurisdiction." ECF No. 14 at 2.

**MEMORANDUM OPINION AND ORDER**
**GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]**
**AND GRANTING MOTION TO DISMISS [ECF NO. 8]**

Plaintiff, the Government argues, has not met her burden in establishing jurisdiction. Id. The Government reiterates that it cannot be sued unless it consents by specifically waiving sovereign immunity, that the FTCA is a narrow exception to this, and that the FTCA itself includes an exception for discretionary actions. Id. at 2-5.

Decisions about how to safeguard prisoners, the Government argues, are generally discretionary. Id. at 4. The Government distinguishes Rich because Rich involved policies and procedures for inmate patdowns and searches in the Special Housing Unit. Id. at 6. In contrast, Mr. Crawford was attacked in the common area of a general population housing unit (the "general population"), where prison officials have broad discretion to decide when to search inmates for contraband. Id. The Government also argues that Plaintiff has not established that discovery is necessary and that the Government should not be exposed to extensive rounds of discovery. Id. at 9.

## II.  STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden of proving subject matter jurisdiction

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

on a motion to dismiss lies with the party asserting jurisdiction. CSX Transp., Inc. v. Gilkison, No. 5:05CV202, 2009 WL 426265, at *2 (N.D.W. Va. Feb. 19, 2009). A trial court may consider evidence by affidavit without converting the proceeding into one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating the merits of the jurisdictional claims. Gilkison, 2009 WL 426265, at *2.

### III. GOVERNING LAW

Federal courts generally lack subject matter jurisdiction to address lawsuits against the federal government unless the United States expressly consents to be sued by waiving sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA, 28 U.S.C. § 1346, is a waiver of sovereign immunity when the federal government "would be liable to the claimant in accordance with the law of the place where the act or omission occurred" for certain torts, such as negligence, committed by federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1).

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

## A.    The Discretionary Function Exception to the FTCA

Within the FTCA, there are exceptions under which the federal government still may not be sued. One such exception is the "discretionary function exception," which includes

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The exception "insulates the United States from liability for its agents' and employees' performance of duties involving discretionary decisions." Williams v. United States, 50 F.3d 299, 308 (4th Cir. 1995). The purpose of this exception, as the Supreme Court of the United States has explained, is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814 (1984).

In deciding whether the discretionary function exception applies, courts apply a two-step test. "First, the Court must

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

consider the nature of the conduct and determine whether it involves an 'element of judgment or choice.'" Little v. United States, No. 5:11CV41, 2014 WL 4102377, at *5 (N.D.W. Va. Aug. 18, 2014) (citing United States v. Gaubert, 499 U.S. 315, 322 (1991)). "If a statute or regulation mandates a certain course of action, there is no element of discretion." Id. (citing Branch v. United States, No. 2:05cv423, 2006 WL 1770995, at *3 (E.D. Va. June 22, 2006)). On the other hand, conduct is discretionary if the actor is entrusted to exercise judgment or choice. Gaubert, 499 U.S. at 322–23. The second step is to "determine whether that judgment is grounded in considerations of public policy." Little, 2014 WL 4102377, at *5. Finally, the plaintiff bears "the burden of proof to show an unequivocal waiver of sovereign immunity exists and to show that none of the FTCA's waiver exceptions apply." LeRose v. United States, 285 F. App'x 93, 96 (4th Cir. 2008).

**B.    The Duty of Care Owed to Prisoners**

The Supreme Court has held that the duty of care owed to federal prisoners by the BOP is fixed by 18 U.S.C. § 4042. United States v. Muniz, 374 U.S. 150, 164–65 (1963). Section 4042 defines this as "the exercise of ordinary diligence to keep prisoners safe and free from harm." Little, 2014 WL 4102377, at *5 (citing Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976)). "Under the

**MEMORANDUM OPINION AND ORDER**
**GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]**
**AND GRANTING MOTION TO DISMISS [ECF NO. 8]**

statute's broad directives, the BOP retains discretion regarding the implementation of those mandates." Rich, 811 F.3d at 145.

As the Fourth Circuit has recognized, "other federal appellate courts have held that prisoner placement and the handling of threats posed by inmates against one another are 'part and parcel of the inherently policy-laden endeavor of maintaining order and preserving security within our nation's prisons.'" Id. at 145–46 (citing Cohen, 151 F.3d at 1344; Alfrey v. United States, 276 F.3d 557, 563–65 (9th Cir. 2002); Calderon v. United States, 123 F.3d 947, 951 (7th Cir. 1997)). The United States can be found negligent in its obligation to protect prisoners if it reasonably knew or should have known about a potential conflict between inmates. Saunders v. United States, No. 5:14CV48, 2015 WL 997907, at *11 (N.D.W. Va. Mar. 6, 2015).

Federal district courts in West Virginia have found that FTCA negligence suits involving prisoner-on-prisoner violence are barred by the discretionary function exception. Little, 2014 WL 4102377; Evans v. United States, No. 3:15-CV-64, 2016 WL 4581339 (N.D.W. Va. Sept. 2, 2016). In Little, the United States District Court for the Northern District of West Virginia (Judge Stamp) examined an FTCA case involving prisoner-on-prisoner violence. The Plaintiff, Michael Little ("Little"), was convicted of murder and

## MEMORANDUM OPINION AND ORDER
## GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
## AND GRANTING MOTION TO DISMISS [ECF NO. 8]

incarcerated at Hazelton. Little, 2014 WL 4102377, at *1. Within 24 hours, he was attacked in his cell block by the brother of his murder victim. Id. Little brought an FTCA action against the Government, arguing that the staff improperly classified him; that the staff allowed him to be in a unit with family members of his victim; and that the prison staff failed to properly screen other inmates for weapons. Id. at *2.

The Government argued that the improper classification and the failure to protect claims should be dismissed under the discretionary function exception to the FTCA. Id. The magistrate judge, upon referral of the motion to dismiss, found that the classification of an inmate is a discretionary function of the BOP and that Little had not shown that a "family tree" search must be conducted before classification; that the placement of inmates in the general population is a discretionary function of Hazelton staff; and that Little had not shown that mandatory directives were violated by staff or that a BOP employee made a discretionary judgment not grounded in the policy of the BOP. Id. The district court adopted the magistrate judge's report and recommendation and provided the following guidance:

> This Court and numerous other courts have held that **a federal prisoner's claim under the FTCA for injuries caused by a fellow inmate are**

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

> **uniformly held to be barred by the discretionary function exception.** Donaldson v. United States, 281 F. App'x 75, 76–78 (3d Cir. 2008) (upholding dismissal of FTCA claim that federal prison employees failed to protect plaintiff from assault by a fellow prisoner on a finding that the claim was barred by the discretionary function exception); Calderon, 123 F.3d at 948–49 (same); Buchanan v. United States, 915 F.2d 969 (5th Cir. 1990) (discretionary function exception applied to FTCA claim for damages by prisoners held hostage by other inmates during a prison uprising); Usry, 2013 WL 1196650 at *8.

Id. at *7 (emphasis added).

One year later, in Rich v. United States, the Fourth Circuit examined an FTCA claim involving prisoner-on-prisoner violence. 811 F.3d 140. The Plaintiff, Joshua Rich ("Rich"), was severely beaten and stabbed by several other inmates while in the recreation cage within the Special Housing Unit at Hazelton. Id. at 142. Rich claimed that members of a white supremacist group had been targeting him. Id. Rich sued under the FTCA, alleging that prison officials were negligent in failing to protect him. Id. He alleged negligence on two grounds: (1) the decision not to separate him from his attackers, and (2) the manner in which the officials searched the other inmates before placing them in the recreation cage with Rich. Id.

## MEMORANDUM OPINION AND ORDER
## GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
## AND GRANTING MOTION TO DISMISS [ECF NO. 8]

In the Government's motion to dismiss, it attached several exhibits: portions of Rich's prison file; "Post Orders" relating to the Special Housing Unit, which require an inmate's hands to be restrained behind his body before leaving for recreation and also require patdowns, searches, and screens before inmates enter or exit the recreation cages; and declarations from prison officials who stated that they properly performed patdowns and searches on inmates before the attack. Id. at 143. The Post Orders did not otherwise describe how a patdown should be performed. Id.

The district court granted the Government's motion to dismiss, concluding that the discretionary function exception applied to both (1) the prison officials' decision not to separate Rich from his attackers and (2) the manner in which the officials searched other inmates prior to placing them with Rich in the recreation cage. Id. It found that the Post Orders did "not mandate a specific course of conduct." Id. The Fourth Circuit affirmed as to the decision not to separate Rich from his attackers, finding that the discretionary function exception applied because both prongs of the test were met: it involved judgment or choice, and it was a matter of public policy. Id. at 146 (writing that even assuming his allegations of targeting by the white supremacist group were true, "the discretionary function exception still would

**MEMORANDUM OPINION AND ORDER**
**GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]**
**AND GRANTING MOTION TO DISMISS [ECF NO. 8]**

apply to the decisions of the officials regarding prisoner placement, ultimately **depriving us of jurisdiction**" (emphasis added)).

The court, however, remanded for additional discovery regarding the manner in which the officials searched other inmates, noting that some exhibits included specific procedures to be followed. Id. at 147–48 (adding that "the BOP 'Program Statement' applicable to all prisons, including USP Hazelton, provides that '[a]ny pat search shall be conducted as outlined in the Correctional Services Manual'"). Furthermore, the Post Orders instructed that "when an inmate has a prior history of weapons possession, prison officials must perform a 'visual search' of the inmate, including a search of the inmate's body cavities, prior to his entry into a creation cage." Id. at 143. As to the patdowns and searches, the Rich court believed discovery was appropriate because "disputed jurisdictional facts [were] intertwined with the merits of Rich's claim regarding the execution of patdowns." Id. at 146. The prison had provided declarations that it did in fact perform patdowns, and the court noted that those declarations were in contrast to Rich's allegations that the officials "failed to properly screen, 'wand,' or search the inmates entering" the Special Housing Unit. Id.

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

Another year later, in 2016, this Court (Judge Groh) again examined a similar FTCA claim involving prisoner-on-prisoner violence. Evans, 2016 WL 4581339. In Evans, the Plaintiff, Michael Shawn Evans ("Evans"), brought suit under the FTCA after another inmate stabbed him with screwdriver at FCI Gilmer in Glenville, West Virginia. Id. at *2. Evans alleged that the prison was negligent in failing to protect him from his attacker. Id.

When the Government moved to dismiss, the Court found, first, that because "there is no federal statute, regulation or policy specifically prescribing a course of action for BOP employees to follow in regard to contraband weapons," the first prong of the discretionary function exception test (judgment/choice) was satisfied. Id. Second, the court found that the second prong (public policy) was satisfied: "because the BOP is given discretion in exercising control over contraband shanks, it 'must be presumed' that its acts in this area are grounded in public policy." Id. The court again noted that "**courts have consistently found that prisoner suits alleging injury by other inmates are barred by the discretionary function exception.**" Id. (emphasis added). The Court found, as it did in Little, that the discretionary function exception applied and, therefore, that it lacked subject matter jurisdiction. Id. The Fourth Circuit affirmed the decision and

**MEMORANDUM OPINION AND ORDER**
**GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]**
**AND GRANTING MOTION TO DISMISS [ECF NO. 8]**

denied a rehearing en banc. See <u>Evans v. United States</u>, 671 F. App'x 186 (4th Cir. 2016) (mem.). The Supreme Court then denied a petition for writ of certiorari. See <u>Evans v. United States</u>, 138 S. Ct. 189 (2017) (mem.).

## IV.  <u>APPLICATION</u>

Plaintiff bears the burden of proving that a waiver of sovereign immunity exists and that the discretionary function exception of the FTCA does not apply to the Government's conduct. This would entail proving that the Government's conduct was subject to a mandate and not discretionary, such as the existence of policies and/or directives that the Government did not follow. Plaintiff has not met this burden here and, thus, has failed to prove that this Court has subject matter jurisdiction to address her claim.

The BOP must provide for the protection, safekeeping, and care of inmates, but this does not guarantee a risk-free environment. Decisions about how to safeguard prisoners are generally discretionary. Judge Stamp and Judge Groh both found, at the motion to dismiss level, that FTCA suits against the Government stemming from prisoner-on-prisoner violence are barred by the

## MEMORANDUM OPINION AND ORDER
### GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
### AND GRANTING MOTION TO DISMISS [ECF NO. 8]

discretionary function exception. Notably, Judge Groh's decision in Evans came after the Fourth Circuit's decision in Rich.[1]

Here, Plaintiff does not explicitly allege that the Government was negligent by placing Mr. Crawford and his attacker in the same unit. The Complaint focuses on its allegations that the Government negligently allowed Mr. Crawford's attacker to create and/or possess a shiv. See ECF No. 1 at ¶ 22. Still, the Court will address why it lacks subject matter jurisdiction based on both a "failure to separate" theory and a "failure to protect" theory.

**A.    Separation**

Although Plaintiff concedes that "the discretionary function exception may bar Plaintiff's claims relating to the [Government]'s failure to separate Arvel Crawford from his assailant,"[2] the Court will address it here briefly. The Court made clear in Little that the placement of inmates in general population is a discretionary function of federal prison staff. As discussed above, the Fourth Circuit confirmed this reasoning in Rich, when

---

[1] As noted, the Fourth Circuit affirmed Judge Groh's decision and then denied rehearing en banc post-Rich.

[2] See ECF No. 11 at 1 (admitting this point but arguing that "it still does not bar Plaintiff's claims based upon Defendant's failures in allowing the assailant to have a shiv or other type of weapon within the common area of the C-1 Housing Unit").

**MEMORANDUM OPINION AND ORDER**
**GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]**
**AND GRANTING MOTION TO DISMISS [ECF NO. 8]**

it upheld the district court's finding that the discretionary function exception applied to the prison officials' decision not to separate Rich from his attackers. Rich, 811 F.3d at 146.

Here, Howell, the Deputy Captain at Hazelton, states in his affidavit that "[t]here is no specific statute, regulation, or policy that mandates when and how BOP employees intervene in fights between inmates" or "how BOP employees investigate and respond to the risk of altercations between inmates." ECF No. 9-1 at ¶¶ 7, 8. Furthermore, he writes that "[t]here is no record of any previous altercation" between Mr. Crawford and his attacker or that Mr. Crawford ever requested separation from any inmate. Id. ¶ 12. If there had been a report or investigative efforts by staff regarding a risk, he avers, it would have been documented. Id. Both prongs of the discretionary function test are met: (1) based on the affidavit, the separation of inmates involves discretion and choice; and (2) under Rich, these issues are policy-laden.

Based on the affidavit and the clear precedent in Rich, to the extent this issue is challenged, the Court finds that Mr. Crawford's placement in general population with his attacker constituted discretionary conduct on the part of Hazelton staff and falls under an exception to the FTCA. This Court does not have

**MEMORANDUM OPINION AND ORDER**
**GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]**
**AND GRANTING MOTION TO DISMISS [ECF NO. 8]**

subject matter jurisdiction over FTCA claims based on prisoner placement.

**B.    Contraband**

The actions taken by Hazelton correctional officers to control contraband in the prison constitute discretionary conduct. In his affidavit, Howell testifies that he is "familiar with the regulations, policies, procedures, and general practices used by the BOP to limit, detect, and control contraband weapons" and that "[t]here is no specific statute, regulation, or policy that dictates how BOP employees control contraband weapons." ECF No. 9-1 at ¶¶ 5,6. Specifically, "there is no statute, regulation, or policy that mandates when or how BOP employees will physically search inmates in the common area of a housing unit to detect contraband weapons." Id. ¶ 6.

The circumstances in Rich can quickly be distinguished from the circumstances surrounding Mr. Crawford's death. Unlike the incident that took place in Rich, Mr. Crawford was not attacked in the Special Housing Unit. He was attacked in the general population. While there was evidence submitted in Rich that a patdown policy existed in the Special Housing Unit, there has been no evidence submitted here that a patdown policy existed in the general population. The specific, detailed policies cited in Rich

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

stripped away correctional officers' discretion, whereas the correctional officers here had wide discretion in their performance of searches and patdowns. The correctional officers in general population are left to their own experiences and training to police inmates in the general population for contraband.

While Mr. Crawford's situation is distinguishable from <u>Rich</u>, it is easily comparable to the situations in <u>Little</u> and <u>Evans</u>. The incident described in <u>Little</u> took place in general population at Hazelton, and this Court dismissed the case for lack of subject matter jurisdiction under the discretionary function exception. The incident described in <u>Evans</u> took place in a dining area at Gilmer FCI, and this Court again dismissed the case for lack of subject matter jurisdiction under the discretionary function exception. Crucially, the Fourth Circuit affirmed the <u>Evans</u> decision after <u>Rich</u> had already been decided. The Fourth Circuit then declined to rehear it en banc. The Government's actions here involve judgment and choice, and under guiding case law, they are policy-laden. This Court finds that the correctional officers' conduct here is discretionary, and this finding is consistent with <u>Little</u>, <u>Evans</u>, and <u>Rich</u>. Because the conduct at issue here is discretionary, the Court has no subject matter jurisdiction over Plaintiff's claims.

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

## C. Discovery

Finally, Plaintiff has not established that discovery is necessary or warranted to determine whether this Court has subject matter jurisdiction. Exposing the Government to extensive rounds of discovery on the merits would undermine the discretionary function exception and introduce the very litigation pressures that Congress meant to avoid when it developed the exception. Mitchell v. Forsyth, 472 U.S. 511, 525–27 (1985). Hazelton has not developed any additional specific directives or instructions that would have required prison officials to search Mr. Crawford or his assailant in a general population unit. See ECF No. 9-1 at ¶¶ 6-12. It is also clear under Fourth Circuit precedent that prisoner placement is discretionary behavior. The Government neither knew nor should have known that a potential conflict between Mr. Crawford and his attacker would arise.

Regardless, as the Government noted in its Reply brief, "the question of whether the government is negligent in a given situation is an entirely different inquiry than whether the relevant government actor was given discretion to engage in the challenged conduct." ECF No. 14 at 7–8 (citing Seaside Farm, Inc. v. United States, 842 F.3d 853, 861 (4th Cir. 2016)). This is reflected in the language of the FTCA: the discretionary function

MEMORANDUM OPINION AND ORDER
GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]
AND GRANTING MOTION TO DISMISS [ECF NO. 8]

applies "whether or not the discretion involved be abused." 28
U.S.C. § 2680(a). Under the appropriate jurisdictional inquiry,
which is completely separate from the merits of the case, Plaintiff
has not met her burden to prove that the conduct of Hazelton
employees was not discretionary. Because the conduct is
discretionary, the jurisdictional issues are not intertwined with
the merits of the case, and Plaintiff cannot establish that
additional discovery would enable her to gather information that
would allow her to articulate a jurisdictional basis for this
lawsuit. The Court dismisses the case for lack of subject matter
jurisdiction.

## V.    CONCLUSION

Before dismissing the case, the Court will also grant
Plaintiff's motion for leave to file a supplemental response [ECF
No. 15]. Plaintiff's proposed supplemental response [ECF No. 15-
1] calls attention to James "Whitey" Bulger's death at Hazelton in
October 2018 – nearly three years after the incident giving rise
to this litigation. The news stories and related arguments
addressed in Plaintiff's supplemental response do not change the
Court's analysis that the Government's actions at issue in this
case constitute discretionary conduct under both a "failure to

**MEMORANDUM OPINION AND ORDER**
**GRANTING LEAVE TO FILE SUPPLEMENTAL RESPONSE [ECF NO. 15]**
**AND GRANTING MOTION TO DISMISS [ECF NO. 8]**

separate" theory and a "failure to protect" theory. For the reasons

discussed above, the Court **ORDERS** the following:

> (1)  Plaintiff's motion for leave to file a
>      supplemental response is **GRANTED** [ECF No.
>      15];
>
> (2)  the Government's motion to dismiss is
>      **GRANTED** [ECF No. 8];
>
> (3)  this action is **DISMISSED WITH PREJUDICE**
>      and **STRICKEN** from the docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to

counsel of record.

DATED: June 4, 2019

_Tom S Kleeh_
_____
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE